Fill in this information to identify the case:

United States Bankruptcy Court for the:

District of Delaware

Case number (if known): _____ Chapter 15

☐ Check if this is an amended filing

## Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding   12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

| | | |
|---|---|---|
| 1. | **Debtor's name** | Axios Logistics Solutions Inc. |

| | |
|---|---|
| 2. | **Debtor's unique identifier** |

**For non-individual debtors:**

☑ Federal Employer Identification Number (EIN)   3  9 –2  0  8  0  9  6  3

☐ Other _____. Describe identifier _____.

**For individual debtors:**

☐ Social Security number:   xxx – xx– ____ ____ ____ ____

☐ Individual Taxpayer Identification number (ITIN):  9 xx – xx – ____ ____ ____ ____

☐ Other _____. Describe identifier _____.

| | | |
|---|---|---|
| 3. | **Name of foreign representative(s)** | A. Farber & Partners, Inc. |

| | | |
|---|---|---|
| 4. | **Foreign proceeding in which appointment of the foreign representative(s) occurred** | In the Matter of the Receivership of Axios Mobile Assets Inc. et al, Court File Number CV-17-11710-00CL, Ontario Superior Court of Justice (Commercial List) |

| | |
|---|---|
| 5. | **Nature of the foreign proceeding** |

*Check one:*

☑ Foreign main proceeding
☐ Foreign nonmain proceeding
☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding

| | |
|---|---|
| 6. | **Evidence of the foreign proceeding** |

☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.

_____

_____

| | |
|---|---|
| 7. | **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?** |

☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)

☑ Yes

Debtor _____   Case number (*if known*)_____
      Name

---

**8.  Others entitled to notice**

Attach a list containing the names and addresses of:

(i)  all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii)  all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii)  all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

---

**9.  Addresses**

**Country where the debtor has the center of its main interests:**

_____

**Debtor's registered office:**

_____
Number     Street

_____
P.O. Box

_____
City     State/Province/Region     ZIP/Postal Code

_____
Country

**Individual debtor's habitual residence:**

_____
Number     Street

_____
P.O. Box

_____
City     State/Province/Region     ZIP/Postal Code

_____
Country

**Address of foreign representative(s):**

_____
Number     Street

_____
P.O. Box                      M5H 3S5

_____
City     State/Province/Region     ZIP/Postal Code

_____
Country

---

**10.  Debtor's website** (URL)

https://axiosma.com/; http://www.farberfinancial.com/insolvency-engagements/axios-mobile-assets-inc

---

**11.  Type of debtor**

*Check one:*

❑ Non-individual (*check one*):

    ❑ Corporation.  Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

    ❑ Partnership

    ❑ Other.  Specify: _____

❑ Individual

---

| Debtor | Axios Logistics Solutions Inc. | Case number (if known) |
|---|---|---|
| | Name | |

**12. Why is venue proper in *this* district?**

Check one:

☐ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____

☑ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:
The Debtor is domiciled in this District.

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✗ _____  Peter Crawley
Signature of foreign representative      Printed name

Executed on   02/28/2017
              MM  / DD / YYYY

✗ _____  _____
Signature of foreign representative      Printed name

Executed on   _____
              MM / DD / YYYY

**14. Signature of attorney**

✗ _____   Date   02/28/2017
Signature of Attorney for foreign representative      MM  / DD / YYYY

Mark L. Desgrosseilliers
Printed name
Womble Carlyle Sandridge & Rice, LLP
Firm name
222 Delaware Avenue, Suite 1501
Number        Street
Wilmington                              DE        19801
City                                    State     ZIP Code

(302) 252-4359                          mdesgrosseilliers@wcsr.com
Contact phone                           Email address

4083                                    DE
Bar number                              State

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Axios Logistics Solutions Inc., <u>et al.</u>,[1]<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br>Case No. 17-_____ (___)<br>Joint Administration Requested |

**LIST FILED PURSUANT TO BANKRUPTCY RULE 1007(a)(4)**

A. Farber & Partners Inc. (the "Receiver") the court-appointed receiver and duly authorized foreign representative for Axios Logistics Solutions Inc., Axios Mobile Assets Corp., Axios Mobile Assets Inc., and Axios Mobile Assets, Inc. (collectively, the "Debtors") in Canadian insolvency proceedings in Toronto, Ontario, Canada (the "Canadian Proceeding"), hereby files this list pursuant to Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure and states as follows:

1. **Parties Authorized to Administer Foreign Proceedings of the Debtors:**

   A. Farber & Partners Inc. is the court-appointed receiver and duly authorized foreign representative for Axios Logistics Solutions Inc., Axios Mobile Assets Corp., Axios Mobile Assets Inc., and Axios Mobile Assets, Inc. in the Canadian insolvency proceedings in Toronto, Ontario, Canada. The Receiver believes that, other than the Canadian Proceedings and these chapter 15 cases, there are no foreign proceedings pending with respect to any of the Debtors.

2. **Litigation Parties in the United States:**

   The Receiver is not currently aware of any litigation pending against the Debtors in the United States.

---

[1] The last four digits of the Employer Identification Number for each debtor follow in parentheses: Axios Logistics Solutions Inc. (0963); Axios Mobile Assets Corp. (n/a); Axios Mobile Assets Inc. (n/a), and Axios Mobile Assets, Inc. (2778). The Debtors' headquarters are located at 30 Topflight Drive, Unit 7, Mississauga, Ontario, L5S 0A8, Canada.

3. **Entities Against Whom Provisional Relief is Sought under 11 U.S.C. § 1519:**

The Receiver seeks provisional relief against plaintiffs and other parties in the aforesaid civil actions, if any, and protection of the Debtors' property and assets within the territorial jurisdiction of the United States.

Dated: February 28, 2017
Wilmington, Delaware

/s/ Mark L. Desgrosseilliers
Mark L. Desgrosseilliers (Del. Bar No. 4083)
Morgan L. Patterson (Del. Bar No. 5388)
WOMBLE CARLYLE SANDRIDGE & RICE, LLP
222 Delaware Avenue, Suite 1501
Wilmington, Delaware 19801
Telephone:  (302) 252-4337
Facsimile: (302) 661-7738
E-mail: mdesgrosseilliers@wcsr.com
E-mail: mpatterson@wcsr.com

Attorneys for A. Farber & Partners Inc.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS 24 DAY OF February 20 17
FAIT À TORONTO LE        JOUR DE

Maggie Sawka

REGISTRAR        GREFFIER

Court File No. CV-17-11710-00CL

## ONTARIO

## SUPERIOR COURT OF JUSTICE

### COMMERCIAL LIST

| | | |
|---|---|---|
| THE HONOURABLE | ) | FRIDAY, THE 24TH |
| | ) | |
| JUSTICE WILTON-SIEGEL | ) | DAY OF FEBRUARY, 2017 |

## EXPORT DEVELOPMENT CANADA

Applicant

- and -

## AXIOS MOBILE ASSETS CORP., AXIOS MOBILE ASSETS INC., AXIOS MOBILE ASSETS, INC., AND AXIOS LOGISTICS SOLUTIONS INC.

Respondents

**APPLICATION UNDER SUBSECTION 243(1) OF THE *BANKRUPTCY AND INSOLVENCY ACT*, R.S.C. 1985, c. B-3, AS AMENDED AND SECTION 101 OF THE *COURTS OF JUSTICE ACT*, R.S.O. 1990, c. C.43, AS AMENDED**

# ORDER
### (appointing Receiver)

THIS APPLICATION made by Export Development Canada ("**EDC**" or the "**Applicant**") for an Order appointing A. Farber & Partners Inc. ("**Farber**") as receiver and manager (in such capacities, the "**Receiver**") without security, of (i) all of the assets, undertakings and properties of Axios Mobile Assets Inc. (the "**Borrower**") pursuant to section 243(1) of the *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3, as amended (the "**BIA**") and section 101 of the *Courts of Justice Act*, R.S.O. 1990, c. C.43, as amended (the "**CJA**"), and (ii) all of the assets, undertakings and properties of Axios Mobile Assets Corp., Axios Mobile Assets, Inc., and Axios Logistics Solutions Inc. (collectively, the "**Guarantors**") pursuant to section 101 of the CJA, in each case, acquired for, or used in relation to a business carried on by

23081670.3

the Borrower and the Guarantors (collectively, the "**Debtors**"), was heard this day at 330 University Avenue, Toronto, Ontario.

ON READING the affidavit of Geoff Bleich sworn February [**23**], 2017 and the Exhibits thereto and on hearing the submissions of counsel for EDC, and those counsel and parties listed on the Counsel Slip, no one else on the Service List appearing although duly served as appears from the affidavit of service of Juliene Cawthorne-Hwang sworn February [**23**], 2017 and on reading the consent of Farber to act as the Receiver,

**SERVICE**

1.      THIS COURT ORDERS that the time for service of the Notice of Application and the Application Record is hereby abridged and validated so that this motion is properly returnable today and hereby dispenses with further service thereof.

**APPOINTMENT**

2.      THIS COURT ORDERS that (i) pursuant to section 243(1) of the BIA and section 101 of the CJA, Farber is hereby appointed Receiver, without security, of all of the assets, undertakings and properties of the Borrower, and (ii) pursuant to section 101 of the CJA, Farber is hereby appointed Receiver, without security, of all of the assets, undertakings and properties of the Guarantors, in each case, acquired for, or used in relation to a business carried on by the Debtors, including all proceeds thereof (the "**Property**").

**RECEIVER'S POWERS**

3.      THIS COURT ORDERS that the Receiver is hereby empowered and authorized, but not obligated, to act at once in respect of the Property and, without in any way limiting the generality of the foregoing, the Receiver is hereby expressly empowered and authorized to do any of the following where the Receiver considers it necessary or desirable:

(a)      to take possession of and exercise control over the Property and any and all proceeds, receipts and disbursements arising out of or from the Property;

23081670.3

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS 24 DAY OF February 20 17
FAIT A TORONTO LE        JOUR DE

Maggie Sawka

REGISTRAR        GREFFIER

(b)    to receive, preserve, and protect the Property, or any part or parts thereof, including, but not limited to, the changing of locks and security codes, the relocating of Property to safeguard it, the engaging of independent security personnel, the taking of physical inventories and the placement of such insurance coverage as may be necessary or desirable;

(c)    to manage, operate, and carry on the business of the Debtors, including the powers to enter into any agreements, incur any obligations in the ordinary course of business, cease to carry on all or any part of the business, or cease to perform any contracts of the Debtors;

(d)    to engage consultants, appraisers, agents, experts, auditors, accountants, managers, counsel and such other persons from time to time and on whatever basis, including on a temporary basis, to assist with the exercise of the Receiver's powers and duties, including without limitation those conferred by this Order, and in this regard the Receiver is specifically authorized to retain counsel for the Applicant to advise and represent it save and except on matters upon which the Receiver in its judgment determines it requires independent advice, in which case the Receiver shall consult its independent counsel;

(e)    to purchase or lease such machinery, equipment, inventories, supplies, premises or other assets to continue the business of the Debtors or any part or parts thereof;

(f)    to receive and collect all monies and accounts now owed or hereafter owing to the Debtors and to exercise all remedies of the Debtors in collecting such monies, including, without limitation, to enforce any security held by the Debtors;

(g)    to settle, extend or compromise any indebtedness owing to the Debtors;

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE À TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS 24 DAY OF February 20 17
FAIT À TORONTO LE                JOUR DE

Maggie Sawka

REGISTRAR                              GREFFIER

23081670.3

- 4 -

(h)     to execute, assign, issue and endorse documents of whatever nature in respect of any of the Property, whether in the Receiver's name or in the name and on behalf of the Debtors, for any purpose pursuant to this Order;

(i)     to initiate, prosecute and continue the prosecution of any and all proceedings and to defend all proceedings now pending or hereafter instituted with respect to the Debtors, the Property or the Receiver, and to settle or compromise any such proceedings. The authority hereby conveyed shall extend to such appeals or applications for judicial review in respect of any order or judgment pronounced in any such proceeding;

(j)     to market any or all of the Property, including advertising and soliciting offers in respect of the Property or any part or parts thereof and negotiating such terms and conditions of sale as the Receiver in its discretion may deem appropriate;

(k)     to sell, convey, transfer, lease or assign the Property or any part or parts thereof out of the ordinary course of business,

  (i)     without the approval of this Court in respect of any transaction not exceeding $50,000, provided that the aggregate consideration for all such transactions does not exceed $250,000; and

  (ii)    with the approval of this Court in respect of any transaction in which the purchase price or the aggregate purchase price exceeds the applicable amount set out in the preceding clause;

and in each such case notice under subsection 63(4) of the Ontario *Personal Property Security Act*, or such other equivalent statute in other jurisdictions as may be applicable, shall not be required, and in each case the Ontario *Bulk Sales Act* shall not apply.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS 24 DAY OF february 20 17
FAIT A TORONTO LE          JOUR DE

Maggie Sawka

REGISTRAR                    GREFFIER

(l)     to apply for any vesting order or other orders necessary to convey the Property or any part or parts thereof to a purchaser or purchasers thereof, free and clear of any liens or encumbrances affecting such Property;

(m)    to report to, meet with and discuss with such affected Persons (as defined below) as the Receiver deems appropriate on all matters relating to the Property and the receivership, and to share information, subject to such terms as to confidentiality as the Receiver deems advisable;

(n)     to register a copy of this Order and any other Orders in respect of the Property against title to any of the Property;

(o)     to apply for any permits, licences, approvals or permissions as may be required by any governmental authority and any renewals thereof for and on behalf of and, if thought desirable by the Receiver, in the name of the Debtors;

(p)     to enter into agreements with any trustee in bankruptcy appointed in respect of the Debtors, including, without limiting the generality of the foregoing, the ability to enter into occupation agreements for any property owned or leased by the Debtors;

(q)     to exercise any shareholder, partnership, joint venture or other rights which the Debtors may have; and

(r)     to take any steps reasonably incidental to the exercise of these powers or the performance of any statutory obligations.

and in each case where the Receiver takes any such actions or steps, it shall be exclusively authorized and empowered to do so, to the exclusion of all other Persons (as defined below), including the Debtors, and without interference from any other Person.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS 24 DAY OF february 20 17
FAIT À TORONTO LE          JOUR DE

Maggie Sawka

REGISTRAR                      GREFFIER

23081670.3

**DUTY TO PROVIDE ACCESS AND CO-OPERATION TO THE RECEIVER**

4.      THIS COURT ORDERS that (i) the Debtors, (ii) all of its current and former directors, officers, employees, agents, accountants, legal counsel and shareholders, and all other persons acting on its instructions or behalf, and (iii) all other individuals, firms, corporations, governmental bodies or agencies, or other entities having notice of this Order (all of the foregoing, collectively, being "**Persons**" and each being a "**Person**") shall forthwith advise the Receiver of the existence of any Property in such Person's possession or control, shall grant immediate and continued access to the Property to the Receiver, and shall deliver all such Property to the Receiver upon the Receiver's request.

5.      THIS COURT ORDERS that all Persons shall forthwith advise the Receiver of the existence of any books, documents, securities, contracts, orders, corporate and accounting records, and any other papers, records and information of any kind related to the business or affairs of the Debtors, and any computer programs, computer tapes, computer disks, or other data storage media containing any such information (the foregoing, collectively, the "**Records**") in that Person's possession or control, and shall provide to the Receiver or permit the Receiver to make, retain and take away copies thereof and grant to the Receiver unfettered access to and use of accounting, computer, software and physical facilities relating thereto, provided however that nothing in this paragraph 5 or in paragraph 6 of this Order shall require the delivery of Records, or the granting of access to Records, which may not be disclosed or provided to the Receiver due to the privilege attaching to solicitor-client communication or due to statutory provisions prohibiting such disclosure.

6.      THIS COURT ORDERS that if any Records are stored or otherwise contained on a computer or other electronic system of information storage, whether by independent service provider or otherwise, all Persons in possession or control of such Records shall forthwith give unfettered access to the Receiver for the purpose of allowing the Receiver to recover and fully copy all of the information contained therein whether by way of printing the information onto paper or making copies of computer disks or such other manner of retrieving and copying the information as the Receiver in its discretion deems expedient, and shall not alter, erase or destroy any Records without the prior written consent of the Receiver. Further, for the purposes of this

THIS IS TO CERTIFY THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE

CECI CERTIFIE QUE CE
DOCUMENT, DONT CHACUNE
DES PAGES EST REVÊTUE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE A TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS  24  DAY OF  february  20 17
FAIT A TORONTO LE          JOUR DE

Maggie Sawka
REGISTRAR                    GREFFIER

23081670.3

paragraph, all Persons shall provide the Receiver with all such assistance in gaining immediate access to the information in the Records as the Receiver may in its discretion require including providing the Receiver with instructions on the use of any computer or other system and providing the Receiver with any and all access codes, account names and account numbers that may be required to gain access to the information.

7.      THIS  COURT ORDERS that the Receiver shall provide each of the relevant landlords with notice of the Receiver's intention to remove any fixtures from any leased premises at least seven (7) days prior to the date of the intended removal.  The relevant landlord shall be entitled to have a representative present in the leased premises to observe such removal and, if the landlord disputes the Receiver's entitlement to remove any such fixture under the provisions of the lease, such fixture shall remain on the premises and shall be dealt with as agreed between any applicable secured creditors, such landlord and the Receiver, or by further Order of this Court upon application by the Receiver on at least two (2) days notice to such landlord and any such secured creditors.

**NO PROCEEDINGS AGAINST THE RECEIVER**

8.      THIS COURT ORDERS that no proceeding or enforcement process in any court or tribunal (each, a **"Proceeding"**), shall be commenced or continued against the Receiver except with the written consent of the Receiver or with leave of this Court.

**NO PROCEEDINGS AGAINST THE DEBTORS OR THE PROPERTY**

9.      THIS COURT ORDERS that no Proceeding against or in respect of the Debtors or the Property shall be commenced or continued except with the written consent of the Receiver or with leave of this Court and any and all Proceedings currently under way against or in respect of the Debtors or the Property are hereby stayed and suspended pending further Order of this Court.

**NO EXERCISE OF RIGHTS OR REMEDIES**

10.     THIS COURT ORDERS that all rights and remedies against the Debtors, the Receiver, or affecting the Property, are hereby stayed and suspended except with the written consent of the Receiver or leave of this Court, provided however, that this stay and suspension does not apply in

23081670.3

I HEREBY CERTIFY THAT THIS        LA PRESENT ATTEST QUE CE
DOCUMENT, EACH PAGE OF          DOCUMENT, DONT CHACUNE
WHICH IS STAMPED WITH THE       DES PAGES EST REVÊTUE DU
SEAL OF THE SUPERIOR COURT      SCEAU DE LA COUR SUPÉRIEURE
OF JUSTICE AT TORONTO, IS A     DE JUSTICE A TORONTO, EST UNE
TRUE COPY OF THE DOCUMENT       COPIE CONFORME DU DOCUMENT
ON FILE IN THIS OFFICE          CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS  24  DAY OF  February  20  17
FAIT À TORONTO LE              JOUR DE

Megrie Santa

respect of any "eligible financial contract" as defined in the BIA, and further provided that nothing in this paragraph shall (i) empower the Receiver or the Debtors to carry on any business which the Debtors is not lawfully entitled to carry on, (ii) exempt the Receiver or the Debtors from compliance with statutory or regulatory provisions relating to health, safety or the environment, (iii) prevent the filing of any registration to preserve or perfect a security interest, or (iv) prevent the registration of a claim for lien.

## NO INTERFERENCE WITH THE RECEIVER

11.     THIS COURT ORDERS that no Person shall discontinue, fail to honour, alter, interfere with, repudiate, terminate or cease to perform any right, renewal right, contract, agreement, licence or permit in favour of or held by the Debtors, without written consent of the Receiver or leave of this Court.

## CONTINUATION OF SERVICES

12.     THIS COURT ORDERS that all Persons having oral or written agreements with the Debtors or statutory or regulatory mandates for the supply of goods and/or services, including without limitation, all computer software, communication and other data services, centralized banking services, payroll services, insurance, transportation services, utility or other services to the Debtors are hereby restrained until further Order of this Court from discontinuing, altering, interfering with or terminating the supply of such goods or services as may be required by the Receiver, and that the Receiver shall be entitled to the continued use of the Debtorss's current telephone numbers, facsimile numbers, internet addresses and domain names, provided in each case that the normal prices or charges for all such goods or services received after the date of this Order are paid by the Receiver in accordance with normal payment practices of the Debtorss or such other practices as may be agreed upon by the supplier or service provider and the Receiver, or as may be ordered by this Court.

## RECEIVER TO HOLD FUNDS

13.     THIS COURT ORDERS that all funds, monies, cheques, instruments, and other forms of payments received or collected by the Receiver from and after the making of this Order from any source whatsoever, including without limitation the sales of all or any of the Property and the

DOCUMENT. EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO. IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

DOCUMENT, DON'T CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS 24 DAY OF February 20 17
FAIT A TORONTO LE          JOUR DE

Maggie Santa

23081670.3

collection of any accounts receivable in whole or in part, whether in existence on the date of this Order or hereafter coming into existence, shall be deposited into one or more new accounts to be opened by the Receiver (the "**Post Receivership Accounts**") and the monies standing to the credit of such Post Receivership Accounts from time to time, net of any disbursements provided for herein, shall be held by the Receiver to be paid in accordance with the terms of this Order or any further Order of this Court.

## EMPLOYEES

14.    THIS COURT ORDERS that all employees of the Debtors shall remain the employees of the Debtors until such time as the Receiver, on the Debtors' behalf, may terminate the employment of such employees.  The Receiver shall not be liable for any employee-related liabilities, including any successor employer liabilities as provided for in section 14.06(1.2) of the BIA, other than such amounts as the Receiver may specifically agree in writing to pay, or in respect of its obligations under sections 81.4(5) or 81.6(3) of the BIA or under the *Wage Earner Protection Program Act*.

## PIPEDA

15.    THIS COURT ORDERS that, pursuant to clause 7(3)(c) of the Canada *Personal Information Protection and Electronic Documents Act*, the Receiver shall disclose personal information of identifiable individuals to prospective purchasers or bidders for the Property and to their advisors, but only to the extent desirable or required to negotiate and attempt to complete one or more sales of the Property (each, a "**Sale**").  Each prospective purchaser or bidder to whom such personal information is disclosed shall maintain and protect the privacy of such information and limit the use of such information to its evaluation of the Sale, and if it does not complete a Sale, shall return all such information to the Receiver, or in the alternative destroy all such information.  The purchaser of any Property shall be entitled to continue to use the personal information provided to it, and related to the Property purchased, in a manner which is in all material respects identical to the prior use of such information by the Debtors, and shall return all other personal information to the Receiver, or ensure that all other personal information is destroyed.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS __24__ DAY OF __February__ 20 __17__
FAIT À TORONTO LE ___ JOUR DE

_Maggie Sawka_

REGISTRAR                              GREFFIER

THIS IS TO CERTIFY THAT THIS
~~DOCUMENT~~ WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE
DATED AT TORONTO THIS 24 DAY OF February 20 17
FAIT A TORONTO LE          JOUR DE

Maggie Santa

REGISTRAR

LA PRÉSENT ATTEST QUE CE
DOCUMENT, DONT CHACUNE
DES PAGES EST REVÊTUE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE A TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVÉ DANS CE BUREAU

GREFFIER

**LIMITATION ON ENVIRONMENTAL LIABILITIES**

16.     THIS COURT ORDERS that nothing herein contained shall require the Receiver to occupy or to take control, care, charge, possession or management (separately and/or collectively, "**Possession**") of any of the Property that might be environmentally contaminated, might be a pollutant or a contaminant, or might cause or contribute to a spill, discharge, release or deposit of a substance contrary to any federal, provincial or other law respecting the protection, conservation, enhancement, remediation or rehabilitation of the environment or relating to the disposal of waste or other contamination including, without limitation, the *Canadian Environmental Protection Act*, the Ontario *Environmental Protection Act*, the *Ontario Water Resources Act*, or the Ontario *Occupational Health and Safety Act* and regulations thereunder (the "Environmental Legislation"), provided however that nothing herein shall exempt the Receiver from any duty to report or make disclosure imposed by applicable Environmental Legislation.  The Receiver shall not, as a result of this Order or anything done in pursuance of the Receiver's duties and powers under this Order, be deemed to be in Possession of any of the Property within the meaning of any Environmental Legislation, unless it is actually in possession.

**LIMITATION ON THE RECEIVER'S LIABILITY**

17.     THIS COURT ORDERS that the Receiver shall incur no liability or obligation as a result of its appointment or the carrying out the provisions of this Order, save and except for any gross negligence or wilful misconduct on its part, or in respect of its obligations under sections 81.4(5) or 81.6(3) of the BIA or under the *Wage Earner Protection Program Act*.  Nothing in this Order shall derogate from the protections afforded the Receiver by section 14.06 of the BIA or by any other applicable legislation.

**RECEIVER'S ACCOUNTS**

18.     THIS COURT ORDERS that the Receiver and counsel to the Receiver shall be paid their reasonable fees and disbursements, in each case at their standard rates and charges unless otherwise ordered by the Court on the passing of accounts, and that the Receiver and counsel to the Receiver shall be entitled to and are hereby granted a charge (the "**Receiver's Charge**") on the Property, as security for such fees and disbursements, both before and after the making of

23081670.3

this Order in respect of these proceedings, and that the Receiver's Charge shall form a first charge on the Property in priority to all security interests, trusts, liens, charges and encumbrances, statutory or otherwise (each, an "**Encumbrance**"), in favour of any Person, except for any Encumbrance in favour of a Person who was not given notice of this application, and subject to sections 14.06(7), 81.4(4), and 81.6(2) of the BIA.

19.    THIS COURT ORDERS that the Receiver and its legal counsel shall pass its accounts from time to time, and for this purpose the accounts of the Receiver and its legal counsel are hereby referred to a judge of the Commercial List of the Ontario Superior Court of Justice.

20.    THIS COURT ORDERS that prior to the passing of its accounts, the Receiver shall be at liberty from time to time to apply reasonable amounts, out of the monies in its hands, against its fees and disbursements, including legal fees and disbursements, incurred at the standard rates and charges of the Receiver or its counsel, and such amounts shall constitute advances against its remuneration and disbursements when and as approved by this Court.

**FUNDING OF THE RECEIVERSHIP**

21.    THIS COURT ORDERS that the Receiver be at liberty and it is hereby empowered to borrow by way of a revolving credit or otherwise, such monies from time to time as it may consider necessary or desirable, provided that the outstanding principal amount does not exceed $300,000 (or such greater amount as this Court may by further Order authorize) at any time, at such rate or rates of interest as it deems advisable for such period or periods of time as it may arrange, for the purpose of funding the exercise of the powers and duties conferred upon the Receiver by this Order, including interim expenditures.  The whole of the Property shall be and is hereby charged by way of a fixed and specific charge (the "**Receiver's Borrowings Charge**") as security for the payment of the monies borrowed, together with interest and charges thereon, in priority to all security interests, trusts, liens, charges and encumbrances, statutory or otherwise, in favour of any Person, but subordinate in priority to (i) any Encumbrance in favour of a Person who was not given notice of this application, (ii) the Receiver's Charge, and (iii) the charges as set out in sections 14.06(7), 81.4(4), and 81.6(2) of the BIA.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS 24 DAY OF February 20 17
FAIT À TORONTO LE    JOUR DE

Maggie Sawka

REGISTRAR    GREFFIER

23081670.3

22.    THIS COURT ORDERS that neither the Receiver's Borrowings Charge nor any other security granted by the Receiver in connection with its borrowings under this Order shall be enforced without leave of this Court.

23.    THIS COURT ORDERS that the Receiver is at liberty and authorized to issue certificates substantially in the form annexed as Schedule "**A**" hereto (the "**Receiver's Certificates**") for any amount borrowed by it pursuant to this Order.

24.    THIS COURT ORDERS that the monies from time to time borrowed by the Receiver pursuant to this Order or any further order of this Court and any and all Receiver's Certificates evidencing the same or any part thereof shall rank on a *pari passu* basis, unless otherwise agreed to by the holders of any prior issued Receiver's Certificates.

**SERVICE AND NOTICE**

25.    THIS COURT ORDERS that the E-Service Protocol of the Commercial List (the "**Protocol**") is approved and adopted by reference herein and, in this proceeding, the service of documents made in accordance with the Protocol (which can be found on the Commercial List website at http://www.ontariocourts.ca/scj/practice/practice-directions/toronto/e-service-protocol/) shall be valid and effective service. Subject to Rule 17.05 this Order shall constitute an order for substituted service pursuant to Rule 16.04 of the Rules of Civil Procedure. Subject to Rule 3.01(d) of the Rules of Civil Procedure and paragraph 21 of the Protocol, service of documents in accordance with the Protocol will be effective on transmission. This Court further orders that a Case Website shall be established in accordance with the Protocol with the following URL '<www.farberfinancial.com/insolvency-engagements/axios-mobile-assets-inc>'.

26.    THIS COURT ORDERS that if the service or distribution of documents in accordance with the Protocol is not practicable, the Receiver is at liberty to serve or distribute this Order, any other materials and orders in these proceedings, any notices or other correspondence, by forwarding true copies thereof by prepaid ordinary mail, courier, personal delivery or facsimile transmission to the Debtors' creditors or other interested parties at their respective addresses as last shown on the records of the Debtors and that any such service or distribution by courier, personal delivery or facsimile transmission shall be deemed to be received on the next business

23081670.3

day following the date of forwarding thereof, or if sent by ordinary mail, on the third business day after mailing.

**GENERAL**

27.    THIS COURT ORDERS that the Receiver may from time to time apply to this Court for advice and directions in the discharge of its powers and duties hereunder.

28.    THIS COURT ORDERS that nothing in this Order shall prevent the Receiver from acting as a trustee in bankruptcy of the Debtors.

29.    THIS COURT HEREBY REQUESTS the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in the United States to give effect to this Order and to assist the Receiver and its agents in carrying out the terms of this Order.  All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Receiver, as an officer of this Court, as may be necessary or desirable to give effect to this Order or to assist the Receiver and its agents in carrying out the terms of this Order.

30.    THIS COURT ORDERS that the Receiver be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order, and that the Receiver is authorized and empowered to act as a representative in respect of the within proceedings for the purpose of having these proceedings recognized in a jurisdiction outside Canada, including without limitation, Chapter 15 of the U.S. Bankruptcy Code.

31.    THIS COURT ORDERS that the Applicant shall have its costs of this motion, up to and including entry and service of this Order, provided for by the terms of the Applicant's security or, if not so provided by the Applicant's security, then on a substantial indemnity basis to be paid by the Receiver from the Debtors' estate with such priority and at such time as this Court may determine.

32.    THIS COURT ORDERS that any interested party may apply to this Court to vary or amend this Order on not less than seven (7) days' notice to the Receiver and to any other party

23081670.3

- 14 -

likely to be affected by the order sought or upon such other notice, if any, as this Court may order.

" _Justice Wilton Siegel_ "

ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO:

FEB 2 4 2017

PER / PAR:

THIS IS TO CERTIFY THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE

LA PRESENT ATTEST QUE CE
DOCUMENT, DON'T CHACUNE
DES PAGES EST REVÊTUE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE À TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS 24    DAY OF February 20 17
FAIT À TORONTO LE                JOUR DE

Maggie Sawka
REGISTRAR                                GREFFIER

23081670.3

DOCSTOR: 1771742\8

## SCHEDULE "A"

## RECEIVER CERTIFICATE

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS 24 DAY OF
FAIT A TORONTO LE   JOUR DE February 20 17

Maggie Sawka
REGISTRAR                                      GREFFIER

CERTIFICATE NO. _____

AMOUNT $_____

1.    THIS IS TO CERTIFY that A. Farber & Partners Inc., the receiver (the "**Receiver**") of the assets, undertakings and properties Axios Mobile Assets Corp., Axios Mobile Assets Inc., Axios Mobile Assets, Inc., and Axios Logistics Solutions Inc.  acquired for, or used in relation to a business carried on by the Debtorss, including all proceeds thereof (collectively, the "**Property**") appointed by Order of the Ontario Superior Court of Justice (Commercial List) (the "**Court**") dated the ___ day of _____, 2017 (the "**Order**") made in an action having Court file number __-CL-_____, has received as such Receiver from the holder of this certificate (the "**Lender**") the principal sum of $_____, being part of the total principal sum of $_____ which the Receiver is authorized to borrow under and pursuant to the Order.

2.    The principal sum evidenced by this certificate is payable on demand by the Lender with interest thereon calculated and compounded [daily][monthly not in advance on the _____ day of each month] after the date hereof at a notional rate per annum equal to the rate of _____ per cent above the prime commercial lending rate of Bank of _____ from time to time.

3.    Such principal sum with interest thereon is, by the terms of the Order, together with the principal sums and interest thereon of all other certificates issued by the Receiver pursuant to the Order or to any further order of the Court, a charge upon the whole of the Property, in priority to the security interests of any other person, but subject to the priority of the charges set out in the Order and in the *Bankruptcy and Insolvency Act*, and the right of the Receiver to indemnify itself out of such Property in respect of its remuneration and expenses.

4.    All sums payable in respect of principal and interest under this certificate are payable at the main office of the Lender at Toronto, Ontario.

5.    Until all liability in respect of this certificate has been terminated, no certificates creating charges ranking or purporting to rank in priority to this certificate shall be issued by the Receiver

23081670.3

to any person other than the holder of this certificate without the prior written consent of the holder of this certificate.

6.      The charge securing this certificate shall operate so as to permit the Receiver to deal with the Property as authorized by the Order and as authorized by any further or other order of the Court.

7.      The Receiver does not undertake, and it is not under any personal liability, to pay any sum in respect of which it may issue certificates under the terms of the Order.

DATED the _____ day of _____, 2017.

> **A. FARBER & PARTNERS INC.,** solely in its capacity  as Receiver of the Property, and not in its personal capacity

> Per:  _____

>           Name:

>           Title:

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVETUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS 24 DAY OF February 20 17
FAIT A TORONTO LE                    JOUR DE

Maggie Sauka

REGISTRAR                                          GREFFIER

APPLICATION UNDER SECTION 101 OF THE *COURTS OF JUSTICE ACT*, R.S.O. 1990, C. C.43, AS AMENDED, AND SECTION 243 OF THE *BANKRUPTCY AND INSOLVENCY ACT*, R.S.C. 1985, C. B-3 AS AMENDED

Court File No.: CV-17-11710-00CL

Export Development Canada and  Axios Mobile Assets Corp. et al.

Applicant                                    Respondents

| *ONTARIO* SUPERIOR COURT OF JUSTICE (COMMERCIAL LIST) |
| --- |
| Proceeding commenced at Toronto |
| **ORDER** (Appointment of Receiver) |
| BLAKE, CASSELS & GRAYDON LLP Box 40, Commerce Court West Toronto, Ontario M5L 1A9 |
| **Linc Rogers** – LSUC#: 43562N Tel:      416-863-4168 Fax:     416-863-2653 Email:   linc.rogers@blakes.com |
| **Kelly Peters** – LSUC#: 59914W Tel:      416-863-4271 Email:   kelly.peters@blakes.com |
| Lawyers for Export Development Canada |

230816670.3

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRESENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVETUE DU SCEAU DE LA COUR SUPERIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS  24
DAY OF
FAIT A TORONTO LE
JOUR DE  February , 20 17

Margie Santa

REGISTRAR                                GREFFIER