# EXHIBIT C

Court File No. CV-17-11710-00CL

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**
**COMMERCIAL LIST**

| THE HONOURABLE | ) | THURSDAY, THE 24th |
|---|---|---|
| | ) | |
| JUSTICE | ) | DAY OF AUGUST, 2017 |

B E T W E E N:

**EXPORT DEVELOPMENT CANADA**

Applicant

and

**AXIOS MOBILE ASSETS CORP.; AXIOS MOBILE ASSETS INC.; AXIOS MOBILE ASSETS, INC.; AXIOS LOGISTICS SOLUTIONS INC.**

Respondents

**APPLICATION UNDER SECTION 101 OF THE *COURTS OF JUSTICE ACT*, R.S.O. 1990, C. C.43, AS AMENDED, AND SECTION 243 OF THE *BANKRUPTCY AND INSOLVENCY ACT*, R.S.C. 1985, C. B-3 AS AMENDED**

**APPROVAL AND VESTING ORDER**

THIS MOTION, made by A. Farber & Partners Inc. ("**Farber**") in its capacity as the Court-appointed receiver and manager (the "**Receiver**") of the undertaking, property and assets of Axios Mobile Assets Corp., Axios Mobile Assets Inc., Assets Mobile Assets, Inc., and Axios Logistics Solutions Inc. (collectively, the "**Debtors**") for an order approving the sale transaction (the "**Transaction**") contemplated by an agreement of purchase and sale (the "**Sale Agreement**") between the Receiver and Leonite Holdings Inc. (the "**Purchaser**") dated July 12, 2017 and appended to the Report of the Receiver dated August 11, 2017 (the "**Report**"), and vesting in the Purchaser each of the Debtor's right, title and interest in and to the assets described in the Sale

Agreement (the "**Purchased Assets**"), was heard this day at 330 University Avenue, Toronto, Ontario.

ON READING the Report and on hearing the submissions of counsel for the Receiver, and counsel on the counsel slip, attached, no one appearing for any other person on the service list, although properly served as appears from the affidavit of [NAME] sworn [DATE] filed:

1. THIS COURT ORDERS that, unless otherwise defined herein, capitalized terms used in this Order shall have the meanings given to them in the Sale Agreement.

2. THIS COURT ORDERS AND DECLARES that the Transaction is hereby approved as it is commercially reasonable and in the best interests of the Debtors and their stakeholders, and the execution of the Sale Agreement by the Receiver is hereby authorized, *nunc pro tunc*, and the Sale Agreement is approved, with such minor amendments as the Receiver may deem necessary. The Receiver is hereby authorized and directed to take such additional steps and execute such additional documents as may be necessary or desirable for the completion of the Transaction and for the conveyance of the Purchased Assets to the Purchaser.

3. THIS COURT ORDERS AND DECLARES that upon the delivery of a Receiver's certificate to the Purchaser substantially in the form attached as **Schedule "A"** hereto (the "**Receiver's Certificate**"), all of the Debtors' right, title and interest in and to the Purchased Assets described in the Sale Agreement (other than the Stored Parts & Equipment (defined below)) shall vest absolutely in the Purchaser, free and clear of and from any and all security interests (whether contractual, statutory, or otherwise), hypothecs, mortgages, trusts or deemed trusts (whether contractual, statutory, or otherwise), liens (including possessory liens of the Possessory Claimants (defined below), executions, levies, charges, or other financial or monetary claims, whether or not they have attached or been perfected, registered or filed and whether secured, unsecured, or otherwise (collectively, the "**Claims**") including, without limiting the generality of the foregoing: (i) any encumbrances or charges created by the Order of the Honourable Mr. Justice Wilton-Siegel dated February 24, 2017; and (ii) all charges, security interests or claims evidenced by registrations pursuant to the *Personal Property Security Act* (Ontario) or any other personal property registry system (all of which are collectively referred to as the "**Encumbrances**", and, for greater certainty, this Court orders that all of the

Encumbrances affecting or relating to the Purchased Assets are hereby expunged and discharged as against the Purchased Assets.

4. THIS COURT ORDERS that upon payment by the Purchaser to a party listed on **Schedule "B"** to this Order (each a "**Possessory Claimant**") of the applicable amount set out therein or such other amount as may be agreed to by the Purchaser and the Possessory Claimant or ordered by the Court:

    (a)    the Debtors' right, title and interest in and to the applicable Stored Parts & Equipment (defined below) shall vest absolutely in the Purchaser, free and clear of and from any and all Claims, including all possessory lien claims; and

    (b)    the Possessory Claimant shall provide the Purchaser with reasonable access to its premises listed on **Schedule "B"** (each a "**Premise**"), on such terms as may be reasonably agreed to by the parties or ordered by the Court, to remove the assets of the Debtors situated at such Premise (the "**Stored Parts & Equipment**").

5. THIS COURT ORDERS that the Purchaser is responsible for any damage to the applicable Premise directly caused by the Purchaser or its agents or representatives in connection with the removal of the Stored Parts & Equipment from the applicable Premise by the Purchaser, or its agents or representatives.

6. THIS COURT ORDERS that for the purposes of determining the nature and priority of Claims, the net proceeds from the sale of the Purchased Assets shall stand in the place and stead of the Purchased Assets, and that from and after the delivery of the Receiver's Certificate all Claims and Encumbrances shall attach to the net proceeds from the sale of the Purchased Assets with the same priority as they had with respect to the Purchased Assets immediately prior to the sale, as if the Purchased Assets had not been sold and remained in the possession or control of the person having that possession or control immediately prior to the sale.

7. THIS COURT ORDERS AND DIRECTS the Receiver to file with the Court a copy of the Receiver's Certificate, forthwith after delivery thereof.

8. THE COURT ORDERS that the Receiver may rely on written notice from the Purchaser regarding fulfilment of the conditions to closing under the Sale Agreement and shall incur no liability with respect to the delivery of the Receiver's Certificate.

9. THIS COURT ORDERS that, pursuant to clause 7(3)(c) of the Canada *Personal Information Protection and Electronic Documents Act*, the Receiver is authorized and permitted to disclose and transfer to the Purchaser all human resources and payroll information in the Company's records pertaining to the Debtor's past and current employees. The Purchaser shall maintain and protect the privacy of such information and shall be entitled to use the personal information provided to it in a manner which is in all material respects identical to the prior use of such information by the Debtor.

10. THIS COURT ORDERS that, notwithstanding:

(a) the pendency of these proceedings;

(b) any applications for a bankruptcy order now or hereafter issued pursuant to the *Bankruptcy and Insolvency Act* (Canada) in respect of any of the Debtors and any bankruptcy order issued pursuant to any such applications; and

(c) any assignment in bankruptcy made in respect of any of the Debtors;

the vesting of the Purchased Assets in the Purchaser pursuant to this Order shall be binding on any trustee in bankruptcy that may be appointed in respect of any of the Debtors and shall not be void or voidable by creditors of any of the Debtors, nor shall it constitute nor be deemed to be a fraudulent preference, assignment, fraudulent conveyance, transfer at undervalue, or other reviewable transaction under the *Bankruptcy and Insolvency Act* (Canada) or any other applicable federal or provincial legislation, nor shall it constitute oppressive or unfairly prejudicial conduct pursuant to any applicable federal or provincial legislation.

11. THIS COURT HEREBY REQUESTS the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in the United States to give effect to this Order and to assist the Receiver and its agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Receiver, as an officer of this Court, as may be necessary or desirable to give effect to this Order or to assist the Receiver and its agents in carrying out the terms of this Order.

________________________________

**Schedule A – Form of Receiver's Certificate**

Court File No. CV-17-11710-00CL

**ONTARIO**

**SUPERIOR COURT OF JUSTICE**

**COMMERCIAL LIST**

B E T W E E N:

**EXPORT DEVELOPMENT CANADA**

Applicant

and

**AXIOS MOBILE ASSETS CORP.; AXIOS MOBILE ASSETS INC.; AXIOS MOBILE ASSETS, INC.; AXIOS LOGISTICS SOLUTIONS INC.**

Respondents

**APPLICATION UNDER SECTION 101 OF THE *COURTS OF JUSTICE ACT,* R.S.O. 1990, C. C.43, AS AMENDED, AND SECTION 243 OF THE *BANKRUPTCY AND INSOLVENCY ACT*, R.S.C. 1985, C. B-3 AS AMENDED**

**RECEIVER'S CERTIFICATE**

**RECITALS**

A. Pursuant to an Order of the Honourable Mr. Justice Wilton-Siegel of the Ontario Superior Court of Justice (the "**Court**") dated February 24, 2017, A. Farber & Partners Inc. was appointed as the receiver (the "**Receiver**") of the undertaking, property and assets of Axios Mobile Assets Corp., Axios Mobile Assets Inc., Assets Mobile Assets, Inc., and Axios Logistics Solutions Inc. (collectively, the "**Debtors**").

B. Pursuant to an Order of the Court dated August 24th, 2017 (the "**Sale Approval and Vesting Order**"), the Court approved the agreement of purchase and sale made as of July 12, 2017 (the "**Sale Agreement**") between the Receiver and Leonite Holdings Inc. (the "**Purchaser**") and provided for the vesting in the Purchaser of the Debtors' right, title and

interest in and to the Purchased Assets, which vesting (other than with respect to the Stored Parts & Equipment (as defined in the Sale Approval and Vesting Order)) is to be effective with respect to the Purchased Assets upon the delivery by the Receiver to the Purchaser of a certificate confirming (i) the payment by the Purchaser of the Purchase Price for the Purchased Assets; (ii) that the conditions to Closing as set out in section Article 7 of the Sale Agreement have been satisfied or waived by the Receiver and the Purchaser; and (iii) the Transaction has been completed to the satisfaction of the Receiver.

C. Unless otherwise indicated herein, terms with initial capitals have the meanings set out in the Sale Agreement.

**THE RECEIVER CERTIFIES** the following:

1. The Purchaser has paid and the Receiver has received the Purchase Price for the Purchased Assets payable on the Closing Date pursuant to the Sale Agreement;

2. The conditions to Closing as set out in Article 7 of the Sale Agreement have been satisfied or waived by the Receiver and the Purchaser; and

3. The Transaction has been completed to the satisfaction of the Receiver.

4. This Certificate was delivered by the Receiver at ________ [TIME] on ________ [DATE].

**A. Farber & Partners Inc., in its capacity as Receiver of the undertaking, property and assets of Axios Mobile Assets Corp., Axios Mobile Assets Inc., Assets Mobile Assets, Inc., and Axios Logistics Solutions Inc., and not in its personal capacity**

Per: ______________________________

Name:

Title:

Schedule "B"

List of Possessory Claimants

| Possessory Claimant | Location of Premise | Amount |
|---|---|---|
| LIT/Hodges Industrial Trust | 5575 Gwaltney Drive, Atlanta, Georgia 30336 | USD $25,000 |
| Wal-Mart Stores, Inc. | Various (40 locations) | USD $34,610.42 |
| Comoldco Corporation | 137 Arrow Road, Guelph ON N1K 1S8 | CAD $40,814.37 |
| Phylo Road Properties, LLC | 103 Phylo Road West, Elmira, NY | USD $28,487 |
| Platinum Tool Technologies Inc. | 2075 Fasan Drive, Oldcastle, ON N0R 1L0 | CAD $204,078.00 |
| Metric Tool & Die Ltd. | 1210 Midway Blvd. Unit 19, Mississauga, ON L5T 0A8 | CAD $69,071.25 |
| Nordson Canada Limited | 1211 Denison Street, Markham, ON L3R 4B3 | CAD $33,888.68 |
| Findlay Machine & Tool Inc. | 2000 Industrial Dr. Findlay, OH 45840 | USD $159,984 |

APPLICATION UNDER SECTION 101 OF THE *COURTS OF JUSTICE ACT*, R.S.O. 1990, C. C.43, AS AMENDED, AND SECTION 243 OF THE *BANKRUPTCY AND INSOLVENCY ACT*, R.S.C. 1985, C. B-3 AS AMENDED

Court File No. CV-08-003621400000

Export Development Canada
Applicant

and

Axios Mobile Assets Corp. et al.
Respondents

*ONTARIO*
SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)

Proceeding commenced at Toronto

**SALE APPROVAL AND VESTING ORDER**

**BLAKE, CASSELS & GRAYDON LLP**
Box 40, Commerce Court West
Toronto, Ontario M5L 1A9

**Linc Rogers** – LSUC#: 43562N
Tel: 416-863-4168
Fax: 416-863-2653
Email: linc.rogers@blakes.com

**Kelly Peters** – LSUC#: 59914W
Tel: 416-863-4271
Email: kelly.peters@blakes.com

Lawyers for the A. Farber & Partners Inc., in its capacity as court-appointed Receiver of all of the assets, undertakings and properties of Axios Mobile Assets Inc., Axios Mobile Assets Corp., Axios Mobile Assets, Inc., and Axios Logistics Solutions Inc.